UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDERANMAN MAYO,

Plaintiff,

-against-

SERGEANT REID, et. al.,

Defendants.

**OPINION & ORDER**

23-CV-9719 (PMH)

PHILIP M. HALPERN, United States District Judge:

Abderanman Mayo ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Sergeant Reid, Sergeant Carrington, M. Gonzalez, E. Maldonado, M. DeJesus, A. Washington, and J. Lima ("Defendants") predicated upon violations of his constitutional rights while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing"). (Doc. 1, "Compl."). Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 25; Doc. 26, "Def. Br."). As discussed *infra*, Plaintiff did not file any opposition to the motion; the Court therefore deems the motion unopposed.

For the reasons set forth below, the unopposed motion to dismiss is GRANTED.

## BACKGROUND

I.    Factual Background

Plaintiff alleges he suffered various injuries from "excessive force by [correctional officers] in Sing Sing" on April 11, 2023. (Compl. at 3-4).[1] As a result of the alleged excessive force, Plaintiff was transported to Westchester Medical Center and "[d]iagnosed with [a] broken

---

[1] Citations to specific pages of the Complaint and other filings on the docket correspond to the pagination generated by ECF.

left arm." (*Id.* at 4). Plaintiff also allegedly suffered "abrasion[s] [in his] right shoulder, left MID

back, left lower back," and a "laceration on [the] left side of [his] face." (*Id.*). As alleged, Plaintiff

"received 20 stitches" at Westchester Medical Center. (*Id.* at 5).[2]

II.    Procedural Background

Plaintiff commenced this action on September 6, 2024. (Doc. 1).[3] On March 7, 2024, the

Court granted Plaintiff leave to file an amended complaint and directed Plaintiff to file his amended

complaint by March 15, 2024. (Doc. 23). The Court also granted Defendants permission to proceed

with serving and filing a motion to dismiss in the event that Plaintiff failed to file his amended

complaint by March 15, 2024. (*Id.*).

Plaintiff failed to file or serve an amended complaint by the Court-ordered deadline, and

Defendants filed their motion to dismiss on March 18, 2024. (Doc. 25). Pursuant to the briefing

schedule set by the Court, Plaintiff's opposition to the motion was due on April 15, 2024. (Doc.

23). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed

to Plaintiff on March 8, 2024. (*See* Mar. 8, 2024 Entry). The motion papers were then served upon

Plaintiff by Defendants. (*See* Doc. 25-1). Plaintiff did not file opposition papers.

On April 24, 2024, Defendants filed a letter informing the Court that they received via

USPS an amended complaint on April 18, 2024. (Doc. 34). The amended complaint had not been

filed on the docket. Two days after receiving Defendants' letter, the Court extended, *nunc pro*

*tunc*, Plaintiff's time to file a copy of his amended complaint on the docket to May 3, 2024. (Doc.

---

[2] Plaintiff, in the Complaint, also mentions "Malicious Prosecution" but supplies no allegations concerning that claim. (*See* Compl. at 5, Part III). The words malicious prosecution, without more, create no claim for relief.

[3] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Mayo v. Sergent Reid et al*, No. 23-CV-06667 (E.D.N.Y. Oct. 4, 2023). By order dated October 4, 2023, the Eastern District transferred this action to this Court. (Doc. 5.).

35). The docket indicates that a copy of the Courts' April 26, 2024 Order was mailed to Plaintiff. (*See* Apr. 29, 2024 Entry).

Plaintiff did not file his amended complaint on or before May 3, 2024. On May 17, 2024, the Court issued an order explaining that the time for Plaintiff to file an amended complaint had lapsed, and thus Plaintiff's September 6, 2024 complaint (Doc. 1) was the operative complaint. (Doc. 37). The Court also *sua sponte* extended Plaintiff's time to oppose the motion to June 14, 2024, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by June 14, 2024, the motion would be deemed fully submitted and unopposed. (*Id.*). The docket indicates that a copy of the Court's May 17, 2024 Order was mailed to Plaintiff. (*See* May 20, 2024 Entry). Thus, as is clear from the docket, Plaintiff was sent Defendants' moving papers as well as an additional document notifying him that Defendants had moved to dismiss the Complaint. Accordingly, the Court deems the motion fully submitted.

## STANDARD OF REVIEW

I.   Rule 12(b)(6) Standard[4]

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[5] A claim is plausible on its face "when the ple[d] factual

---

[4] Although the Notice of Motion indicates that Defendants move pursuant to Rules 12(b)(1) and 12(b)(6), Defendants, in their memorandum of law, make no arguments under Rule 12(b)(1). To the extent that Defendants sought to move pursuant to Rule 12(b)(1), they have waived their opportunity to do so. *See United States v. Washington*, No. 13-CR-00107, 2014 WL 793320, at *5 n.11 (W.D.N.Y. Feb. 26, 2014) (considering argument not briefed in supporting memorandum of law to be waived).

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL

4

3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*,

618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true

all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the

most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual

allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however,

have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the

strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)

(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court

is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus,

although a party is of course to be given a reasonable opportunity to respond to an opponent's

motion, the sufficiency of a complaint is a matter of law that the court is capable of determining

based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*,

No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*,

232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the

sufficiency of the claim challenged on this motion even without the benefit of formal opposition

to the motion.

## ANALYSIS

Liberally construed, Plaintiff alleges a claim for excessive force against all Defendants in

violation of the Eighth Amendment. Defendants' sole argument is that Plaintiff fails to plead

personal involvement by any of the Defendants. (Def. Br. at 4-6). The Court agrees.

"As a fundamental prerequisite, 'to establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *4 (S.D.N.Y. Mar. 22, 2021) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). To show personal involvement, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Here, Plaintiff fails to specify how the named Defendants were involved in or responsible for the alleged excessive force. (Compl. at 3-4). Indeed, aside from the "defendants" section of the Complaint (*id.* at 2-3), Plaintiff does not mention Defendants' names in his allegations. He instead merely alleges that suffered injuries "from excessive force by [correctional officers] in Sing Sing." (*Id.* at 4). To the extent Plaintiff seeks to reference Defendants as a collective, it is well-established that "group pleading" does not suffice to state a claim under Section 1983. *See, e.g.*, *Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *10 (S.D.N.Y. Jan. 18, 2022) ("Failing to explain what each [defendant] did to violate Plaintiff's rights is fatal to any claim under 42 U.S.C. § 1983 because such allegations rely on impermissible group pleading." (collecting cases)); *Taylor v. Microgenics Corp.*, No. 21-CV-06452, 2023 WL 1865274, at *8 (S.D.N.Y. Feb. 9, 2023) ("[A]llegations that discuss several individual defendants 'together without pleading facts demonstrating what each did that makes him liable' are impermissible to allege personal involvement." (quoting *Cooper v. City of New York*, 2019 WL 3642996, at *7 (E.D.N.Y. Aug. 5, 2019))). Given this, there are insufficient allegations in Plaintiff's Complaint to establish the

personal involvement by any of the named Defendants, and Plaintiff cannot maintain his claim under Section 1983. *See Castillo v. Snedeker*, No. 21-CV-11109, 2023 WL 7625882, at *6 (S.D.N.Y. Nov. 9, 2023) (dismissing the plaintiff's Eighth Amendment claim because he failed to "make any allegation in his complaint or opposition that Defendants were personally involved in" the alleged constitutional violation).

Accordingly, Plaintiff's Section 1983 claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to dismiss is GRANTED.

Notwithstanding Plaintiff's previous failure to file an amended complaint, but because Plaintiff may be able to set forth additional facts to plead personal involvement of each Defendant, the Court grants Plaintiff 30 days' leave to amend the Complaint to cure this deficiency. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-09719 (PMH). If Plaintiff fails to comply within the time allowed, and given that he has already had an opportunity to file an amended complaint but did not, the Court will dismiss this action with prejudice and without further notice.

The Clerk of Court is respectfully requested to: (1) terminate the pending motion (Doc. 25); and (2) mail a copy of this Opinion and Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

                                        **SO ORDERED.**

Dated:   White Plains, New York
         December 18, 2024

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge